UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WESLEY POE,

    Petitioner,

v.

RAYMOND BOOKER,

    Respondent,
_____/

Civil No. 2:10-CV-13669
HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Thomas Wesley Poe, ("Petitioner"), confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for delivery of less than 50 grams of morphine, M.C.L.A. 333.7401(2)(a)(iv). Petitioner has also requested that his petition for writ of habeas corpus be held in abeyance so that he can return to the state courts to exhaust additional claims. Having reviewed the petition, the Court will deny petitioner's request to hold the petition in abeyance and will dismiss the petition without prejudice.

**I. Background**

Petitioner was convicted of the above offense following a jury trial in the Chippewa County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Poe,* No. 282451 (Mich.Ct.App. April 21, 2009); *lv. den.* 485 Mich. 867; 771 N.W. 2d 729 (2009). Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief on three, and possibly four grounds. For judicial clarity, the Court will paraphrase the claims, rather than recite them verbatim:

1

I. The evidence at trial was legally insufficient to convict petitioner of delivery of morphine.

II. Petitioner's conviction should be vacated on the basis of entrapment.

III. Petitioner was denied his right to a speedy trial.

Although unclear, petitioner may also be raising a fourth claim that he was denied the effective assistance of trial and appellate counsel.

## II. Discussion

The instant petition is subject to dismissal because it contains at least two, and possibly three claims which have not been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)); *See also Nasr v. Stegall,* 978 F. Supp. 714, 716 (E.D. Mich. 1997). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner admits that his second and third claims were never exhausted with the state courts

on his direct appeal. [1] To the extent that petitioner is raising an ineffective assistance of counsel claim, this claim likewise has yet to be presented to the state courts. Petitioner's habeas application is subject to dismissal as a mixed petition, because it contains claims which have yet to be exhausted with the state courts.

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), there are no exceptional or unusual circumstances present which would justify holding petitioner's habeas application in abeyance pending petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on September 11, 2009. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, his judgment became final, for the purpose of commencing the running of the one year limitations period, on December 10, 2009. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).

---

[1] *See* Petition for Writ of Habeas Corpus, p. 5, ¶ 13.

Petitioner filed his habeas application with this Court on September 8, 2010, when just under nine months had elapsed on the one year statute of limitations. [2] This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust these claims. 28 U.S.C. § 2244(d)(2) expressly provides that the one year statute of limitations for filing habeas petitions is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has at this point almost three months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the

---

[2] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on September 8, 2010, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

4

petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: September 21, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 21, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290